HERGET, Judge.
For the reasons this day handed down in the case of Guarisco v. Swindle, La.App., 132 So.2d 635, we are of the opinion that plaintiff is entitled to judgment in his favor and against defendants, Clinton Swindle and The Travelers Indemnity Company, jointly and in solido, for the sum of $500 representing $350 damage to his automobile; $100 for loss of one week’s wages and $50 for personal injuries he sustained as a result of this collision. Though in his petition he sought damages in the sum of $500 for physical pain and suffering and $500 for mental pain and suffering, in his testimony Mr. Guarisco, a carpenter by trade, refreshingly described his injuries as a bump on the head about the size of the first joint of his thumb that lasted 3 or 4 days. He testified on cross-examination:
“Q. Did it pain you? A. No.
“Q. It didn’t especially bother you? A. A carpenter gets them every day.”
In view of the fact that in the consolidated case of Mrs. Annie P. Guarisco against these same defendants the policy of The Travelers Indemnity Company limits its liability to $10,000 for injuries to any one person in an accident and inasmuch as this Court had awarded to plaintiff’s wife, Mrs. Annie P. Guarisco, the policy limits for personal injuries sustained by her, the other damages herein sought incurred by him as a result of the injuries to his wife, namely: $25 to Dr. Charles McVea; $35 for Dr. John M. Hopper; $50 for Dr. J. Webb McGehee; $20 for Baton Rouge General Hospital; $22 for special nursing services ; $639.05 for Baton Rouge General Hospital; $94 for Dr. J. E. Toups; $355 for Dr. F. C. McMains; $536 for domestic help and $18 for walker and cane, or a total of $1,794.05, are not recoverable against The Travelers Indemnity Company. Fetterly v. McNeely et al., La.App., 77 So.2d 757.
For the reasons assigned, the judgment of the District Court is reversed. And judg *643 ment is now rendered in favor of Jack Guarisco and against Clinton Swindle and The Travelers Indemnity Company, jointly and in solido, for the full sum of $500, together with legal interest from June 19, 1959 until paid; and judgment is further rendered in favor of Jack Guarisco and against Clinton Swindle for the additional sum of $1,794.05, together with legal interest from June 19, 1959 until paid, together with costs.
Judgment reversed and rendered.